**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **JOHN S. BARTH**, | Case No. 3:20-cv-1164-AC |
| Plaintiff, | **ORDER** |
| v. | |
| **MABRY CARLTON RANCH INC.**, *et. al*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on September 24, 2020. ECF 8. Judge Acosta recommended that the Court dismiss this case without prejudice for improper venue.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 10. Plaintiff also moved to recuse Judge Acosta, arguing that he is biased and engaged in actions of a "corrupt judge to exonerate his fellow Republican racketeers in Florida." Plaintiff's motion to recuse is based solely on Judge Acosta's rulings denying Plaintiff's motion to seal the record in this case and denying Plaintiff's motion for discovery assistance, in which he requested that the Court obtain discovery on behalf of Plaintiff from the Federal Bureau of Investigation, Internal Revenue Service, Department of Homeland Security, and Department of Justice.

Regarding Plaintiff's motion to recuse Judge Acosta, two statutes address recusal or disqualification of a federal judge. They are 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no

> further therein, but another judge shall be assigned to hear such
> proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that
> bias or prejudice exists, and shall be filed not less than ten days
> before the beginning of the term at which the proceeding is to be
> heard, or good cause shall be shown for failure to file it within
> such time. A party may file only one such affidavit in any case. It
> shall be accompanied by a certificate of counsel of record stating
> that it is made in good faith.

28 U.S.C. § 144. Section 455 provides, in relevant part:

> Any justice, judge, or magistrate judge of the United States shall
> disqualify himself in any proceeding in which his impartiality
> might reasonably be questioned.

28 U.S.C. § 455(a).

The Ninth Circuit has interpreted these statutes and explained that any alleged personal

bias or prejudice of a judge must result from an extrajudicial source, not from any prior adverse

ruling by that judge. According to the Ninth Circuit:

> The standard for recusal under 28 U.S.C. §§ 144, 455 is "whether a
> reasonable person with knowledge of all the facts would conclude
> that the judge's impartiality might reasonably be questioned." The
> alleged prejudice must result from an extrajudicial source; *a
> judge's prior adverse ruling is not sufficient cause for recusal*.

*United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted) (emphasis added);

*Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("To provide grounds for recusal,

prejudice must result from an extrajudicial source. *United States v. Azhocar*, 581 F.2d 735, 739

(9th Cir. 1978). A judge's previous adverse ruling alone is not sufficient bias."); *see also Stone v.

Baum*, 409 F. Supp. 2d 1164, 1175 n.5 (D. Ariz. 2005) (citing *Studley* and adding that "[a]

motion for recusal based entirely on prior adverse rulings is insufficient and will be denied").

Plaintiff's motion to recuse is based entirely on Judge Acosta's adverse rulings. Thus, the

motion is denied.

PAGE 3 – ORDER

Regarding Plaintiff's objections to the Findings and Recommendation, Plaintiff argues that he has sufficiently shown that venue is proper in the District of Oregon. The Court disagrees with Plaintiff and concurs with Judge Acosta's analysis, with a minor factual modification. Judge Acosta states that Plaintiff alleges that Oregon residents comprise 21 percent of Florida's non-resident property owners. As noted by Plaintiff, that is not what Plaintiff alleges. In a somewhat confusing manner, Plaintiff alleges that Oregon residents comprise 1.43% of Florida's 21% of non-resident property owners. Plaintiff's precise allegation is: "The Oregon District comprises 1.43% of the US population not residing in Florida, and of the 21% of Florida property owners who are non-residents." This means that Oregon residents would only comprise a very small fraction of Florida property owners.

Plaintiff, however, is only calculating this based on Oregon's overall percentage of the population in the United States, not on any facts showing that Florida's non-resident property ownership follows the population division of the United States. It may be that people on the East Coast buy property in Florida as a second home or investment property in larger percentages than do people on the West Coast who would have to travel farther, thus skewing the percentages of non-resident owners from the overall United States population model. Regardless, this is not a large enough percentage to establish venue under the circumstances of this case.

Plaintiff also objects to Judge Acosta's finding that there is an adequate alternative venue in the Middle District of Florida. Plaintiff argues that he has alleged the bias and corruption of the Republican Party in Florida that extends to judges and that the Middle District of Florida is compromised and, thus, not a reasonable alternative venue. Plaintiff states: "this case involves state and federal judicial corruption in the Middle District of Florida, of judges associated with the political party of the defendants which received funds from the defendant officials, including

PAGE 4 – ORDER

a judge and her family who received $53 million of those funds, it cannot reasonably be prosecuted in that district." The Middle District of Florida, however, has 14 active United States district judges and 16 senior judges. These judges have been appointed by Presidents Jimmy Carter, Ronald Reagan, Bill Clinton, George H.W. Bush, George W. Bush, Barack Obama, and Donald J. Trump. Plaintiff does not specifically argue, let alone provide any factual support, for the contention that 30 judges who have been appointed by seven different U.S. Presidents from both political parties and confirmed by the U.S. Senate are engaged in some illegal conspiracy with the Republican Party in Florida. Plaintiff's argument that the Middle District of Florida is not a viable venue is rejected. Plaintiff's remaining objections are similarly without merit.

The Court has considered the issues *de novo* and agrees with the reasoning of Judge Acosta. The Court ADOPTS Judge Acosta's Findings and Recommendation (ECF 8), as supplemented herein. The Court finds that venue is improper in this District. The Court DENIES Plaintiff's Motion to Recuse and Reject Magistrate Judge Acosta (ECF 10). The Court dismisses this case without prejudice.

**IT IS SO ORDERED.**

DATED this 8th day of October, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge